1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN JOHN,                                    No.  2:16-cv-1640 JAM DB PS

12                        Plaintiff,

13          v.                                      ORDER

14   COUNTY OF SACRAMENTO,

15                        Defendant.

16

17          Plaintiff, John John, is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

20   U.S.C. § 1915.  (ECF Nos. 1 & 2.)

21          The court is required to screen complaints brought by parties proceeding in forma

22   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

23   2000) (en banc).  Here, plaintiff's application to proceed in forma pauperis and complaint are

24   deficient.  Accordingly, for the reasons stated below, plaintiff's application to proceed in forma

25   pauperis will be denied without prejudice and plaintiff's complaint will be dismissed with leave

26   to amend.

27   ////

28   ////

                                                    1

1    **I.      Plaintiff's Application to Proceed In Forma Pauperis**

2            Plaintiff's in forma pauperis application is incomplete.  In this regard, plaintiff's

3    application fails to answer the question of whether in the past 12 months plaintiff received any

4    money from one or more listed sources.  (ECF No. 2 at 1.)  Moreover, even a determination that a

5    plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required

6    by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it

7    appears from the face of the proposed complaint that the action is frivolous or without merit.'"

8    Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank

9    & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support

10   Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by

11   denying McGee's request to proceed IFP because it appears from the face of the amended

12   complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114,

13   116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to

14   proceed in forma pauperis to determine whether the proposed proceeding has merit and if it

15   appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to

16   proceed in forma pauperis.").

17           The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

18   found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

19   claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

20   28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

21   in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

22   1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

23   where it is based on an indisputably meritless legal theory or where the factual contentions are

24   clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

25           To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

26   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

27   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

28   true the material allegations in the complaint and construes the allegations in the light most

2

favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.      Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, plaintiff's complaint alleges this "action is brought pursuant to 42 U.S.C. section 1983," against the only named defendant, the County of Sacramento.  (Compl. (ECF No. 1) at 1.)

A municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy[.]"  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Municipal liability in a § 1983 case may be premised upon:  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).  To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d

3

1   631, 637 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)).

2           Here, the compliant fails to contain sufficient allegations of underlying facts.  Specifically,

3   the complaint simply alleges in a vague and conclosury manner that the defendant was

4   "implementing official policies," that "[f]or decades, plaintiff . . . observed the public killings and

5   prosecutions of the victims by the Sacramento County," that "Sacramento County took the

6   control of the house under the control of the plaintiff," and that "**ON 12/5/13, SACRAMENTO**

7   **COUNTY CAUSED THE KILLINGS OF THE OCCUPANTS BY A FIRE.**"[1] (<u>Id.</u> at 2)

8   (emphasis in original).

9           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

10  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

11  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v.</u>

12  <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

13  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

14  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

15  enhancements.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555,

16  557.  A plaintiff must allege with at least some degree of particularity overt acts which the

17  defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

18          Accordingly, plaintiff's complaint will be dismissed for failure to state a cognizable claim.

19  **III.    Leave to Amend**

20          The undersigned has carefully considered whether plaintiff may amend the complaint to

21  state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend

22  include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v.</u>

23

24  [1]  The complaint also alleges that "defendant wants to prosecute plaintiff."  (Compl. (ECF No. 1)
25  at 2.)  Plaintiff is advised that the <u>Younger</u> abstention doctrine generally forbids federal courts
    from interfering with ongoing state judicial proceedings.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 53-
26  54 (1971); <u>Kenneally v. Lungren</u>, 967 F.2d 329, 331 (9th Cir. 1992).  <u>Younger</u> abstention is
    appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important
27  state interests; and (3) provide an adequate opportunity to raise federal questions.  <u>Middlesex</u>
    <u>County Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Gilbertson v.</u>
28  <u>Albright</u>, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

                                                    4

1  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n

2  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to

3  amend shall be freely given, the court does not have to allow futile amendments).  However,

4  when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed

5  "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his

6  claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.

7  1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488

8  F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is

9  proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by

10  amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

11      Here, given the extremely vague and conclusory nature of the complaint's allegations, the

12  undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.

13  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an

14  amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended

15  complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

16  is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

17  supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While

18  legal conclusions can provide the complaint's framework, they must be supported by factual

19  allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from

20  conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

21      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

22  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

23  in itself without reference to prior pleadings.  The amended complaint will supersede the original

24  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

25  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

26  and identified in the body of the complaint, and each claim and the involvement of each

27  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

28  must also include concise but complete factual allegations describing the conduct and events

1  which underlie plaintiff's claims.

2  **IV.     Conclusion**

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's July 18, 2016 motion to proceed in forma pauperis (ECF No. 2) is

5  denied without prejudice.

6          2.  The complaint filed July 18, 2016 (ECF No. 1) is dismissed with leave to

7  amend.[2]

8          3.  Within twenty-eight days from the date of this order, an amended complaint

9  shall be filed that cures the defects noted in this order and complies with the Federal Rules of

10  Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case

11  number assigned to this action and must be titled "Amended Complaint."

12          4.  Failure to comply with this order in a timely manner may result in a

13  recommendation that this action be dismissed.

14  Dated:  December 9, 2016

15

16

17  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22  DLB:6
    DB/orders/orders.pro se/john1640.dism.lta.ord
23

24

25

26  _____
    [2]  If plaintiff elects to file an amended complaint, plaintiff must either file a completed application
27  to proceed in forma pauperis or pay the applicable filing fee.
    [3]  Alternatively, if plaintiff no longer wishes to pursue this action he may file a notice of
28  voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

6