UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOHN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO,<br><br>　　　　　　Defendant. | No. 2:16-cv-1640 JAM DB PS<br><br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, John John, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's second amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 6 & 8.) Therein, plaintiff complains about an illegally obtained search warrant.

The court is required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). For the reasons stated below, plaintiff's in forma pauperis application is granted, service is ordered as to defendant Joyce Thorgrimson, and it will be recommended that defendant County of Sacramento be dismissed from this action.

////

////

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 6) The undersigned finds that plaintiff's in forma pauperis application makes the showing required by the statute. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

However, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.     Plaintiff's Complaint**

The second amended complaint names two defendants: the County of Sacramento and Joyce Thorgimson. (Sec. Am. Compl. (ECF No. 8) at 1.)

**A.     County of Sacramento**

With respect to the County of Sacramento, the second amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint alleges that this "action is brought pursuant to 42 U.S.C. section 1983" against defendant County of Sacramento.[1] (Sec. Am Compl. (ECF No. 8) at 1.)

A municipality may be liable under § 1983 where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy[.]" Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). Here, the second amended compliant fails to contain sufficient allegations of underlying facts.

---

[1] The second amended complaint also cites to 42 U.S.C. § 1985 and 42 U.S.C. § 1986. However, a "plaintiff must allege facts that demonstrate the existence of a § 1985 conspiracy, it is not enough to make a conclusory allegation of 'conspiracy' without factual specificity." Genthner v. Tonkinson, CASE NO. 1:16-CV-1348 AWI SKO, 2017 WL 531903, at *3 (E.D. Cal. Feb. 9, 2017) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). Moreover, "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Karim-Panahi, 839 F.2d at 626.

In this regard, the second amended complaint alleges in a vague and conclusory manner that the County of Sacramento was "implementing official policies under color of state law or local law in doing the acts alleged in this complaint." (Sec. Am. Compl. (ECF No. 8) at 2.) The second amended complaint, however, fails to contain any factual allegations in support of a Monell claim. Accordingly, defendant County of Sacramento should be dismissed from this action.

The undersigned has carefully considered whether plaintiff may further amend the second amended complaint to state a claim upon which relief can be granted against defendant County of Sacramento. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiff's repeated inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend with respect to this defendant.

**B.    Joyce Thorgrimson**

The second amended complaint alleges that defendant Joyce Thorgrimson, an employee of the County of Sacramento, obtained a search warrant resulting in the seizure of plaintiff's documents through judicial deception. (Sec. Am. Compl. (ECF No. 8) at 2.) "It is clearly established that judicial deception may not be employed to obtain a search warrant." KRL v. Moore, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)).

To support a claim for judicial deception, "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002) (quoting Hervey v. Estes 65 F.3d 784, 790 (9th Cir. 1995)). "'Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" Ewing v.

4

City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting United States v. Smith, 588 F.2d 737, 740 (9th Cir. 1978)).

Here, the second amended complaint alleges that in March of 2014, defendant Thorgrimson made statements that were deliberately false or made in reckless disregarded of the truth in an affidavit to a search warrant.[2] (Sec. Am. Compl. (ECF No. 8) at 2.) Specifically, Thorgrimson stated that "[a]ttorney Keith Oliver" did not "represent plaintiffs . . . and thus, all the documents from plaintiffs should be seized for evidence." (Id.) In this regard, the second amended complaint argues that Oliver was in fact plaintiff's attorney and, if not for Thorgrimson's false statement, the warrant would not have been issued, as the documents seized concerned information protected by attorney-client privilege. (Id.)

Accordingly, the undersigned will order service of the second amended complaint on defendant Thorgrimson with respect to the second amended complaint's claim for judicial deception.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 22, 2016 application to proceed in forma pauperis (ECF No. 6) is granted.

2. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 form, a summons form, and an endorsed copy of plaintiff's second amended complaint filed May 1, 2017. (ECF No. 8.)

3. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal a properly completed USM-285 form, a properly completed summons form, and the number of copies of the endorsed complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either

---

[2] Although it is true that plaintiff's claim may be barred by the applicable statute of limitations, such is not obvious from the face of the second amended complaint. Compare Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 956 (9th Cir. 2011) (applying California's two-year statute of limitations to § 1983 action), with Klein v. City of Beverly Hills, 865 F.3d 1276, 1278-79 (9th Cir. 2017) ("The discovery rule requires that judicial deception claims begin accruing when the underlying affidavit is reasonably available.").

5

by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

4. Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

5. Within thirty (30) days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant Joyce Thorgrimson without prepayment of costs.

6. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

7. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS ALSO HEREBY RECOMMENDED that defendant County of Sacramento be dismissed from this action without granting plaintiff further leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/john1640.ifp.part.serve.f&rs