UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOHN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Defendant. | No. 2:16-cv-1640 JAM DB PS<br><br><br>ORDER |

Plaintiff, John John, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On May 1, 2017, plaintiff filed a second amended complaint. (ECF No. 8.) Therein, plaintiff complains about an illegally obtained search warrant. On December 13, 2017, defendant Joyce Thorgrimson filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"). (ECF No. 11.) Defendant's motion argues, in relevant part, that plaintiff is proceeding under a fictitious name. (Def.'s MTD (ECF No. 11) at 6.[1])

In this regard, defendant asserts that plaintiff "is known as 'Raj Singh,' 'Raghvendra Singh,' 'Kaus Singh,' 'Archana Singh,' and 'Suman Mehta.'" (Id.) (citations omitted). Plaintiff's opposition to defendant's motion to dismiss does not dispute defendant's assertion, but

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

instead acknowledges that "[d]efendant properly notes that plaintiff has many names including John John." (Pl.'s Opp.'n (ECF No. 13) at 2.) And the second amended complaint alleges that plaintiff did "not file this case in his real name." (Sec. Am. Compl. (ECF No. 8) at 3.)

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).

However, "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001). "In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Kamehameha, 596 F.3d at 1043. "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Doe v. Megless, 654 F.3d 404, 408 (3rd Cir. 2011) (quotation omitted). When the plaintiff has failed to request permission to proceed anonymously, "'federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" United States ex rel. Little v. Triumph Gear Systems, Inc., 870 F.3d 1242, 1249-50 (10th Cir. 2017) (quoting Yocom, 257 F.3d at 1172-73).

Here, plaintiff has not sought permission to proceed anonymously. In light of plaintiff's pro se status, the undersigned will provide plaintiff with an opportunity to seek permission to proceed anonymously or to file a third amended complaint under his real name. See Doe v. UNUM Life Insurance Company of America, 164 F.Supp.3d 1140, 1144 (N.D. Cal. 2016) ("District courts within the Ninth Circuit have concluded that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss.").

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's December 13, 2017 motion to dismiss (ECF No. 11) is granted;

2. The January 26, 2018 hearing of defendant's motion to dismiss is vacated;

3. Within twenty-eight days from the date of this order, plaintiff shall either file a motion to proceed anonymously or a third amended complaint under plaintiff's real name[2]; and

4. If plaintiff files a third amended complaint under his real name, defendant shall file a responsive pleading within twenty-one days.

Dated: January 24, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/john1640.mtd.ord

---

[2] Plaintiff should not amend the third amended complaint in any respect other than to provide his real name.