1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| JOHN JOHN, | No. 2:16-cv-1640 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, | |
| Defendant. | |

Plaintiff, John John, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On May 1, 2017, plaintiff filed a second amended complaint. (ECF No. 8.) Plaintiff acknowledges that plaintiff did "not file this case in his real name." (Sec. Am. Compl. (ECF No. 8) at 3.) Accordingly, on January 24, 2018, the undersigned issued an order ordering plaintiff to either file a motion to proceed anonymously or file a third amended complaint under plaintiff's real name. (ECF No. 15 at 3.) On February 1, 2018, plaintiff filed a request to proceed anonymously. (ECF No. 16.) Defendant filed an opposition on February 12, 2018. (ECF No. 17.) Plaintiff filed a reply on March 2, 2018. (ECF No. 18.)

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P.

1

17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." <u>Does I thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000).

However, "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." <u>W.N.J. v. Yocom</u>, 257 F.3d 1171, 1172 (10th Cir. 2001). "In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." <u>Kamehameha</u>, 596 F.3d at 1043. "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3rd Cir. 2011) (quotation omitted). "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." <u>Kamehameha</u>, 596 F.3d at 1042 (alteration and quotation omitted).

Here, a weighing of the severity of the threatened harm, the reasonableness of the anonymous party's fears, the anonymous party's vulnerability to retaliation, the prejudice to defendants, and the public interest finds that the factors overwhelmingly weigh in favor of denying plaintiff's request to proceed anonymously. In this regard, plaintiff has previously used his real name in actions against the defendant involving similar allegations as those alleged here. <u>See</u> <u>Singh, et al. v. City of Sacramento, et al.</u>, No. 2:15-cv-0997 AC PS (E.D. Cal. 2015); <u>Singh v. County of Sacramento et al.</u>, No. 2:14-cv-2382 JAM KJN PS (E.D. Cal. 2014).

Moreover, it appears that plaintiff has previously attempted to conceal his identity for impermissible purposes, with one court finding that plaintiff:

////

////

////

2

has played an endless game of "Now you see it-now you don't" with the courts. He has filed pleadings and made appearances in various actions under multiple names, to the point of being jailed for contempt of court.

Singh v. Lipworth, No. C053762, 2008 WL 2445205, at *6 (Cal. App. 3 Dist. June 18, 2008).[1]

Moreover, plaintiff's alleged fears are unreasonable. In this regard, plaintiff asserts that plaintiff should be allowed to proceed anonymously because the defendant "harassed, injured and embarrassed plaintiff publicly" with "false charges," but plaintiff acknowledges that the defendant here has already "recognized plaintiff," and is aware of plaintiff's identity. (Pl.'s Mot. (ECF No. 16) at 2.) Allowing plaintiff to proceed anonymously, therefore, cannot shield plaintiff's identity from the defendant nor stop plaintiff from being charged with a crime.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2018 request to proceed anonymously (ECF No. 16) is denied;

2. Within fourteen days from the date of this order, plaintiff shall file a third amended complaint under plaintiff's real name[2];

3. Within twenty-one days of plaintiff's filing the third amended complaint, defendant shall file a responsive pleading; and

////

////

////

////

////

---

[1] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

[2] Plaintiff should not amend the third amended complaint in any respect other than to provide his real name.

1        4. Plaintiff is cautioned that the failure to timely comply with this order may result in a

2 recommendation that this action be dismissed due to a lack of prosecution.

3 Dated:  May 22, 2018

4

5 _____

6 DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7 DLB:6
DB/orders/orders.pro se/john1640.anon.den.ord

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28