UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH[1], <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SACRAMENTO, <br><br> Defendant. | No. 2:16-cv-1640 JAM DB PS <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, Raj Singh, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant Joyce Thorgrimson's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 21.) For the reasons stated below, the undersigned finds that defendant's motion to dismiss should be granted in part and the third amended complaint's federal claims be dismissed without leave to amend.

////

////

---

[1] Plaintiff commenced this action under the fictitious name John John. (ECF No. 1.) However, on May 23, 2018, plaintiff's motion to proceed anonymously was denied and plaintiff was ordered to file a third amended complaint under plaintiff's true name. (ECF No. 19.) Plaintiff filed a third amended complaint on June 4, 2018, identifying plaintiff's name as Raj Singh. (ECF No. 20.)

1

**BACKGROUND**

Plaintiff, proceeding pro se and under a fictitious name, commenced this action on July 18, 2016, by filing a complaint and motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Although the only defendant named in that complaint was the County of Sacramento, Joyce Thorgrimson was identified in the body of the complaint. (ECF No. 1 at 1-2.[2]) On December 12, 2016, the undersigned issued an order denying plaintiff's motion to proceed in forma pauperis without prejudice and dismissing plaintiff's complaint with leave to amend. (ECF No. 4.)

On December 22, 2016, plaintiff filed a first amended complaint and a motion to proceed in forma pauperis. (ECF Nos. 5 & 6.) The first amended complaint named Joyce Thorgrimson as a defendant. (ECF No. 5 at 1.) On April 21, 2017, the undersigned issued an order dismissing plaintiff's first amended complaint with leave to amend. (ECF No. 7.)

On May 1, 2017, plaintiff, still proceeding under a fictitious name, filed a second amended complaint. (ECF No. 8.) On October 2, 2017, the undersigned issued an order and findings and recommendations. (ECF No. 9.) The order granted plaintiff's December 22, 2016 application to proceed in forma pauperis and ordered service on defendant Joyce Thorgrimson with respect to the second amended complaint's claim for judicial deception. (Id. at 5-6.) It was also recommended that defendant County of Sacramento be dismissed from this action without granting plaintiff further leave to amend. (Id. at 6.) The assigned District Judge adopted those findings and recommendations in full on December 20, 2017. (ECF No. 12.)

On December 13, 2017, defendant Thorgrimson filed a motion seeking dismissal, in part, because plaintiff was proceeding under a fictitious name. (ECF No. 11.) On January 24, 2018, the undersigned issued an order granting the motion to dismiss and ordering plaintiff to either file a motion for permission to proceed anonymously or file a third amended complaint under plaintiff's real name. (ECF No. 15.) On February 1, 2018, plaintiff filed a motion for permission to proceed anonymously. (ECF No. 16.) On May 23, 2018, the undersigned issued an order

////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

1 denying plaintiff's motion to proceed anonymously and ordering plaintiff to file a third amended complaint. (ECF No. 19.)

Plaintiff filed a third amended complaint under plaintiff's real name on June 4, 2018. (ECF No. 20.) Therein, plaintiff alleges that for "decades," plaintiff had "raise[d] the voice against Sacramento County for the public killings and prosecutions of the victims by the Sacramento County." (Third Am. Compl. (ECF No. 20) at 2.) "In retaliation," defendant Joyce Thorgrimson "employed by the County of Sacramento obtained a search warrant by making false statements of fact in the affidavit supporting the application for the search warrant in March, 2014." (Id.) On April 1, 2014, defendant Thorgrimson "came to plaintiff['s] house and took computer, all the legal documents and other documents which were not even listed in the search warrant." (Id.) (emphasis omitted).

Defendant filed the pending motion to dismiss on June 18, 2018. (ECF No. 21.) Plaintiff filed an untimely opposition on July 26, 2018, which was entered on the court's docket on July 30, 2018. (ECF No. 24.) That same day—but prior to the docketing of plaintiff's untimely opposition—the undersigned issued plaintiff an order to show cause for lack of prosecution. (ECF No. 23.) Defendant filed a reply and an amended reply on August 7, 2018. (ECF Nos. 25 & 26.) Plaintiff filed a response to the order to show cause on August 8, 2018. (ECF No. 27.) Defendant's motion to dismiss was submitted without oral argument on August 20, 2018. (ECF No. 28.)

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

**I.  Statute of Limitations**

Defendant seeks dismissal of the third amended complaint's claims brought pursuant to 42 U.S.C. § 1983, in part, as barred by the statute of limitations. (Def.'s MTD (ECF No. 21-1) at 5.)

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

Here, the third amended complaint asserts that this action is brought pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff's "rights secured . . . by the United States Constitution[.]" (Third Am. Compl. (ECF No. 1) at 1.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

As noted above, the third amended complaint alleges that defendant Joyce Thorgrimson "employed by the County of Sacramento obtained a search warrant by making false statements of fact in the affidavit supporting the application for the search warrant in March, 2014." (Third Am. Compl. (ECF No. 20) at 2.) On April 1, 2014, defendant Thorgrimson "came to plaintiff['s] house and took computer, all the legal documents and other documents which were not even listed in the search warrant." (Id.) (emphasis omitted).

Plaintiff filed a lawsuit against the defendant in 2014, "but that lawsuit was dismissed in 2016 for the correction of some mistakes." (Id. at 3.) In September of 2014, "defendants caused
////

[the] arrest of plaintiff based on the false declaration" submitted by defendant Thorgrimson. (Id.) "Finding no wrongdoing by plaintiff[], the State Court closed its proceedings in 2015." (Id.)

It appears from the allegations of the third amended complaint that plaintiff was aware of defendant Thorgrimson's alleged wrongful actions in April of 2014. Moreover, defendant has requested that the court take judicial notice of a copy of the search warrant and affidavit in support, dated March 28, 2014, signed by defendant Thorgrimson, and filed in the Sacramento County Superior Court on April 3, 2014.[3] (Def.'s RJN, Ex. A (ECF No. 21-2) at 6.) The search warrant return was filed in the Sacramento County Superior Court that same day.[4] (Def.'s RJN, Ex. H (ECF No. 21-2) at 143.) Any claim based on Thorgrimson's alleged wrongful actions pursuant to § 1983, therefore, must have been filed by April of 2016. This action, however, was not commenced until July 18, 2016. (ECF No. 1.)

Additionally, plaintiff has provided no reason as to why the running of the statute of limitations should be tolled. Plaintiff was apparently aware of the alleged wrongful search and Thorgrimson's identity when Thorgrimson executed the search. The warrant and return were filed on the docket of the Sacramento County Superior Court. And plaintiff was aware of Thorgrimson's identity and alleged wrongful actions when plaintiff filed the original complaint on July 18, 2016. (Compl. (ECF No. 1) at 2.)

The undersigned cautioned plaintiff about the applicability of the statute of limitations in an order issued on October 2, 2017. (ECF No. 9.) Despite that warning and defendant moving to dismiss based on the running of the statute of limitations, neither plaintiff's untimely opposition nor response to the order to show cause addressed the running of the statute of limitations. (ECF Nos. 24 & 27.)

////

---

[3] "Courts regularly find that search warrants are public records properly subject to judicial notice." Ferguson v. California Department of Justice, Case No. 16-cv-6627 HSG, 2017 WL 2851195, at *1 (N.D. Cal. July 4, 2017).

[4] "The discovery rule requires that judicial deception claims begin accruing when the underlying affidavit is reasonably available." Klein v. City of Beverly Hills, 865 F.3d 1276, 1278-79 (9th Cir. 2017).

Accordingly, for the reasons stated above, the undersigned finds that defendant's motion to dismiss should be granted as to the argument that the third amended complaint's claims brought pursuant to § 1983 are barred by the statute of limitations.[5]

**II.     Further Leave to Amend § 1983 Claim**

The undersigned has carefully considered whether plaintiff could further amend the third amended complaint's § 1983 claim to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiency noted above, and plaintiff's prior inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend this claim.

**III.    Supplemental Jurisdiction State Law Claims**

Defendant's motion also seeks dismissal of "various claims arising under a violation of the California Constitution." (Def.'s MTD (ECF No. 21-1) at 9.) A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.

---

[5] In light of this finding, the undersigned need not address defendant's arguments with respect to qualified immunity and failure to state a claim.

7

7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the third amended complaint's state law claims.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's June 18, 2018 motion to dismiss (ECF No. 21) be granted in part;

2. The third amended complaint's § 1983 claims be dismissed without further leave to amend;

3. The court decline to exercise supplemental jurisdiction over the third amended complaint's state law causes of action; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////
////
////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/singh1640.mtd.f&rs